**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL J. HABIB AND STEVEN J. WHITE | : | |
| Plaintiffs | : | 3:19-cv-02023 (SRU) |
| | : | |
| VS. | : | |
| | : | |
| LEE FARLEY, BRYAN GUTIERREZ | : | |
| MATTHEW BENOIT AND CITY OF | : | |
| WATERBURY | : | MARCH 10, 2020 |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**I.    FACTS**

The Plaintiffs, Michael J. Habib and Steven J. White, hereafter referred collectively as

the "Plaintiffs", commenced the present action by Complaint dated December 31, 2019 (Doc.

No. 2).  The Plaintiffs assert an action for monetary damages and declaratory and injunctive

relief brought Pursuant to 42 U.S.C. §1983 and §1988, under the United States Constitution

and under the Constitution and laws of the State of Connecticut, against, the defendant police

officers, Lee Farley, Bryan Gutierrez and Matthew Benoit in their official and individual

capacities and the City of Waterbury, (Complaint ¶¶ 1-4).  The Complaint is set forth in

Counts One through Tenth inclusive in which various claims are asserted against the

defendant police officers and the City of Waterbury.

According to the Complaint, on October 31, 2019 at approximately 5:26 p.m. the

Defendants, Farley and Gutierrez effectuated an investigation traffic stop of a 2003 Acura

operated by the Plaintiff White on North Main Street in the City of Waterbury in which the Plaintiff Habib was a front seat passenger. (Complaint ¶14).  Also in the vehicle were two non-party individuals, Jeffrey Hethcote and Przemyslaw Kozikowska, both of whom were seated in the back seat of the vehicle operated by the Plaintiff White (Complaint ¶15).  It is further alleged that Kozikowska was and is a "qualifying patient" with "written certification" issued by a physician and registered with the Connecticut Department of Consumer Protection to engage in palliative (medicinal) use of marijuana and who had purchased the contents of a certain white paper bag from a "licensed dispensary" (Complaint ¶16).

Plaintiffs allege that when the vehicle was stopped by Farley and Gutierrez, White's hands were both firmly placed on the steering wheel and Habib's hands were at all times on his lap with his cell phone in his right hand and his wallet in his left hand (Complaint ¶17). Farley approached the driver's side and Gutierrez, the passenger side of the vehicle (Complaint ¶18).

Gutierrez is alleged to have ordered Habib to place his cell phone on the seat of the vehicle and exit the vehicle "for officer safety" after which Gutierrez immediately restrained Habib in handcuffs and conducted a Terry frisk which revealed no weapons or contraband and asked Habib for identification which Habib provided by instructing Gutierrez of the location of Habib's wallet after which Habib was secured in the back of a police cruiser, (Complaint ¶¶19-20).

Habib alleges that he repeatedly inquired of Gutierrez why he was being physically restrained in handcuffs and for the legal and factual basis of the seizure and search of Habib's person which Gutierrez is alleged to have repeatedly ignored and refused to answer and which Habib alleges constituted constitutionally prohibited free speech under the First Amendment to the United States Constitution and Article First, Section 4 of the Connecticut Constitution, (Complaint ¶¶21-22).

Plaintiff White alleges that Farley immediately ordered him to exit the vehicle "for officer safety" and immediately restrained White in handcuffs, conducted a Terry frisk which revealed no weapons or contraband and then brought White to the curb on the side of North Main Street (Complaint ¶¶24-25).

Thereafter, it is alleged that Farley returned to White's vehicle and immediately used the trunk release latch on the driver's side of the vehicle to open the trunk and then thoroughly search the contents of the trunk.  Gutierrez immediately began to remove items from the passenger compartment and thoroughly search the contents of the vehicle while White repeatedly objected to the search of his vehicle and repeatedly inquired of Farley and Gutierrez for the legal and factual basis of the seizure and search of his vehicle, which inquiries were repeatedly ignored and refused to answer.  Although it is alleged that Farley raised his voice and used profanity and explicit language and repeatedly instructing White to be quiet (i.e., "Shut the Fuck up") and to stop objecting to the search of the vehicle, White asserts that he calmly informed Farley that "there was no need to curse at me.  I haven't

raised my voice or cursed at you at all" ((Complaint ¶¶26-29).  White asserts that Farley then aggressively approached him and standing directly in White's face at a distance of about four (4) inches, threatened White with bodily harm if White did not "Shut the fuck up" and stop objecting to the search of his vehicle (Complaint ¶31).

Habib claims that Gutierrez then removed him from the back of the police cruiser and seated him on the curb on the side of North Main Street while Farley secured White in the back of the same police cruiser. It is further alleged that both Farley and Gutierrez resumed searching White's vehicle locating contraband in the trunk of the vehicle which was secured in a lockbox, which was contained within a closed back pack style bag, a white paper bag in the rear passenger side of the vehicle near the feet of Kozikowska (Complaint ¶¶32-33).

After ascertaining that White was the operator of the vehicle, it was determined that White's operator's license was suspended and that there was an active arrest warrant for White out of Connecticut State Troop B and GA #18 at Torrington, thereafter the Plaintiffs together with Hethcote and Kozikowska were all transported to the Waterbury Police Department headquarters and charged with various offenses (Complaint ¶¶35-36).  The Complaint does not contain any information about the charges against White and Habib and most importantly the disposition of those changes.

White and Habib further allege that the Case/Incident Report authored by Farley and "endorsed" by Defendant Benoit is replete with material representations of facts and false

statements (Complaint ¶¶37-46) and resulted in the unlawful procurement of criminal proceedings against them (Complaint ¶¶47-48).

As a result of the incident of October 31, 2019, White and Habib claim violations of their federal constitutional rights as well as state claims for assault and battery, false arrest and malicious prosecution.  Both White and Habib seek money damages for loss of liberty, financial loss, emotional pain and suffering, mental anguish, humiliation, annoyance, embarrassment, shame, loss of their good names, character and reputation (Complaint ¶¶47-64).

II.    **STANDARD OF REVIEW**

A.    **Motion to Dismiss for Failure to State a Claim upon Which Relief May be Granted**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof."  *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl.*

*Corp v. Twombly*, 550 U.S. 544, 555-556, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 555, 570; *see also Iqbal*, 556, U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  The plausibility standard is set forth in *Twombly*, 550 U.S. at 555 (quotation marks omitted).  Plausibility at the pleading stage is nonetheless distinct from probability and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely."  *Id* at 556 (quotation marks omitted).  *Carpenter v. Comm'r.,* 2016 U.S. Dist. LEXIS 172675, 2016 WL 7238792(SRU*).*

## III.   **FIRST COUNT**

   **A**.   **The First Count of the Plaintiffs' Complaint alleges a claim pursuant to 42 U.S.C. §1983 against the Defendants, Farley, Gutierrez and Benoit in their individual and official capacities.  Any claim based upon official capacity must be dismissed**.

Claims against police officers in their official capacities should be dismissed.  The Complaint asserts a 42 U.S.C. §1983 claim against the defendant officers both individually and in their official capacity.

The Supreme Court explained the distinction between personal (or individual) capacity suits and official capacity suits in *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 114 (1985).  "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."  *Id.*  To establish personal liability in a 42 U.S.C. §1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."  *Id at* 166; *see also, Bauer v. City of Hartford*, No: 3:07-cv-1376(PCD), 2010 U.S. Dist. LEXIS 115199, 2010 WL 4429697, (D. Conn. Oct. 29, 2010) ("Government officials are subject to suit in their individual capacities for violations of constitutional rights committed in the course of their employment.").  By contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Id.* at 165 (citation omitted).

Because an official capacity claim against an official is tantamount to a claim against a governmental entity, when a complaint asserts a 42 U.S.C. §1983 claim against both a municipal entity and a municipal official in his official capacity, the official capacity claim should be dismissed as duplicative or redundant.  *See Curley*, 268 F.3d at 72 (holding that, where claims against a municipality were dismissed, claim against police officers in their official capacity was also properly dismissed because it was essentially a claim against the municipality); *Baines v. Masiello* 288 F.Supp. 2d 376, 384-85 (W.D.N.Y. 2003) (dismissing claims against municipal officers as duplicative of claims against the municipality itself).

The Supreme Court has stated that "official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L.Ed.2d 201 (1991) (citation and internal quotation marks omitted). In an official capacity suit, "the real party in interest . . . is the governmental entity and not the named official." *Id.* By contrast, individual capacity suits "seek to impose individual liability upon a government officer for [their] actions under color of law." Any damages awarded in an individual capacity suit, "will not be payable from the public fisc, but rather will come from the pocket of the individual defendant." *Blackburn v. Goodwin*, 608 F.2d 919, 923 (2d Cir. 1979).

**B.**   **The Plaintiffs also alleged violations of various federal constitutional provisions more specifically the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.  Argument regarding the insufficiently of the First and Eighth Amendment will be discussed later in this Memo.  The Defendants address at this point the Plaintiffs' Fifth and Sixth Amendment Claims**

1.  The Plaintiffs have failed to state a Fifth Amendment Violation

The Fifth Amendment to the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except on cases arising in the land or naval forces or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Supreme Court has made clear what a plaintiff must demonstrate in order to recover on a Fifth Amendment violation under §1983.  In *Chavez v. Martinez,* 538 U.S. 760, 123 S. Ct. 1994, 155 L.Ed.2d 1984 (2003), the Supreme Court concluded that "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case."  *Id.* at 770.  It is undisputed in this case that the Plaintiffs never made any statement which was subsequently used against them in a criminal case.

Despite the failure to satisfy *Chavez*' requirements for pursuing a self-incrimination claim, there may be in some instances where an individual can make out a substantive due process claim where he has suffered "deprivations of liberty caused by 'the most egregious official conduct,'" *Chavez* 538 U.S. at 774 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-48, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998)).  However, Plaintiffs have not alleged sufficient facts to demonstrate the most "egregious official conduct" to sustain a Fifth Amendment claim.

2.  The Plaintiffs have failed to state a Sixth Amendment Violation

The Sixth Amendment of the United States Constitution provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

9

The Plaintiffs' Complaint fails to set forth any factual basis upon which a claim exists for a violation of the Sixth Amendment.  The Plaintiffs' Complaint is absent any allegation regarding any criminal proceeding other than to allege that they were taken to the Waterbury Police Department and were charged with various offenses.  (Complaint Doc. No 2 ¶36). There is no factual basis to form a claim that in the arrest process any one of more of the Defendant officers violated either or both of the Plaintiffs' Sixth Amendment rights.   Further, the Plaintiffs have failed to allege that any criminal proceedings terminated in their favor. (See III B)  Accordingly, any claim for alleged violation of the Plaintiffs' Sixth Amendment rights should be dismissed.


IV.    **SECOND COUNT AND THIRD COUNT**

In the Second Count the Plaintiff Habib asserts a claim of assault against Defendant Farley and in the Third Count the Plaintiff White asserts a claim for battery against Farley and Plaintiff Habib asserts a claim for battery against Defendant Gutierrez.  Additionally, both Plaintiffs appear to also be asserting a 42 U.S.C. §1983 claim for excessive force (Complaint Doc. No. 2 ¶55a-c inclusive).

A.    **The Claim for Assault & Battery is Duplicative of the Plaintiffs' Excessive Force Claim**

To succeed on an assault or battery claim in the law enforcement context, a plaintiff must demonstrate that defendants' conduct "' was not reasonable' for the use of force in the

course of performing their duties." *Cuellar v. Love*, 2014 WL 1486458, (S.D.N.Y. April 11, 2014) (quoting *Torres-Cuesta v. Berberich*, 511 Fed. App'x. 89, 91 (2d Cir. 2013) in turn quoting *Nimely v. City of New York*, 414 F.3d 381, 391 (2d Cir. 2005)); *see Kavazanjian v. Rice*, 2008 WL 5340988, (E.D.N.Y. Dec. 22, 2008).  Essentially, the Fourth Amendment excessive force standard applies to assault and battery claims against a police officer. *Humphrey v. Landers*, 944 F.2d 91, 94-95 (2d Cir. 1991)); *Sterlin*, 2014 WL 2560595.  The defendants admit that any actions by them were under color of state law, and, therefore, the state law assault and battery claims are identical to the §1983 excessive force claims and, therefore, are duplicative and redundant.

Therefore, the claims of assault and battery are duplicative of the §1983 excessive force claim.  Any recovery by the Plaintiffs would be identical under either a §1983 claim or a cause of action based upon assault and battery.  To allow these claims to proceed can only lead to jury confusion.

**B.    The Plaintiffs' Claim of False Arrest, False Imprisonment, and Malicious Prosecution Fail since the Plaintiffs have not Alleged that the Criminal Proceedings were not Terminated in their Favor**

The Plaintiffs have alleged claims for False Imprisonment (Fourth Count), False Arrest (Fifth Count), and Malicious Prosecution (Sixth Count).  However, the Plaintiffs' Complaint is absent any factual assertion that the criminal proceedings were terminated in their favor.

The elements of false arrest, false imprisonment, and malicious prosecution require a plaintiff to prove that the criminal proceedings have terminated in favor of the plaintiff.

*McHale v. W.B.S. Corp., supra* 187 Conn. App. 447, 446 A.2d 815; *see also* 52 Am. Jur. 2d

145, Malicious Prosecution §8 (2000); <u>D. Wright, J. Fitzgerald & W. Ankerman</u>, Connecticut

Law of Torts (3d Ed. 1991) §1691, p. 430.

      Claims for false arrest, false imprisonment or malicious prosecution, brought under

§1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable

seizures, are substantially the same as claims for false arrest or malicious prosecution under

state law.   *Jacks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks

omitted).   "False imprisonment or false arrest, is the unlawful restraint by one person of the

physical liberty of another."   *Binette v. Sabo*, 244 Conn. 23, 63, 710 A.2d 688 (1998) (internal

quotation marks omitted); *see also, Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004).

Such an action requires a plaintiff to allege that the criminal proceedings have terminated in

favor of the plaintiff.   *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982).

      The Second Circuit has held that to state a claim of false arrest, under Connecticut law

and, therefore, to state a §1983 claim for false arrest, a plaintiff must prove that the arrest

terminated in the plaintiff's favor.   "A person who thinks there is not even probable cause to

believe he committed the crime with which he is charged must pursue the criminal case to an

acquittal or an unqualified dismissal or else waive his section 1983 claim."   *Roesch v Otarola*,

980 F.2d 850, 853 (2d Cir. 1992).   To prevail on these claims a plaintiff must prove that the

criminal proceedings have terminated in his favor.   *Heussner v. Day, Berry & Howard, LLP,*

94 Conn. App. 569, 577, 893 A.2d 486 (App. Ct. 2006).

Since the Plaintiffs have not set forth any factual allegation that the criminal proceedings terminated in their favor, the claims of false arrest, false imprisonment and malicious prosecution should be dismissed.

## V.    SEVENTH COUNT

### A.    The Plaintiffs Have Failed to State a First Amendment Retaliation Claim

In the Seventh Count of their Complaint the Plaintiffs assert a First Amendment retaliation claim. The elements of a First Amendment retaliation claim are dependent upon the "factual context" of the case.  *Williams v. Town of Greenburgh,* 535 F.3d 71, 76 (2d Cir. 2008).  A public employee who alleges First Amendment retaliation must prove the following: 1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest; (2) he or she suffered an adverse employment action; and (3) the speech was at least a substantial or motivating factor in the adverse employment action."  *Johnson v. Ganim* 342 F.3d 105, 112 (2d Cir. 2003) (internal quotation marks omitted).  A private citizen, on the other hand, must show:  "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right."  *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).  Unlike a public employee, the speech of a private citizen "need not have been on a

matter of public concern for it to fall within the protection of the First Amendment" *Williams,* 535 F.3d at 77.

As a general matter the First Amendment prohibits government officials from "subjecting an individual to retaliatory actions" for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L.Ed.2d 441 (2006). If an official takes adverse action against someone based on that forbidden motive, and the "non-retaliatory grounds are in fact insufficient to provoke the adverse consequences," the injured person may generally seek relief by bringing First Amendment claim. *Ibid* (citing *Crawford-El v. Britton*, 523 U.S. 574, 593, 118 S. Ct. 1584, 140 L.Ed.2d 759 (1998); *Mt. Healthy City Bd. Of Ed. V. Doyle,* 429 U.S. 274, 283-284, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977)).

To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." *Hartman,* 547 U.S., at 259 126 S. Ct. 1695, 164 L.Ed. 441 (2006). It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured the motive must cause the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive. *Id.,* at 260, 126 S. Ct. 1695, 164 L.Ed.2d 441 (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway"). *Nieves v. Bartlett,* 139 S. Ct. 1715 (2019). The Plaintiffs have not set forth any factual basis upon

which a claim of retaliation for the exercise of their First Amendments right of free speech. The Plaintiffs have not alleged that they would not have been arrested, "but-for" some alleged expression of free speech.  Accordingly, the Seventh Count should be dismissed.

      **B.**    **Qualified Immunity**

The Defendants contend first that the Plaintiffs have not set forth a violation of their First Amendment Rights.  Alternatively, if the Court were to find a constitutional violation, the defendants contend they are entitled to qualified immunity as the right, which is alleged to have been violated was not a clearly established constitutional or statutory right at the time of arrest.  *See Saucier v. Katz*, Supra.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982).  A right is "clearly established" if "it would be clear to a reasonable [person in the position of the defendant] that his conduct was unlawful in the situation he confronted."  *Saucier v. Katz,* 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001).  "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken."  *Pearson v. Callahan*, 555 U.S. 223, 224, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009).

The Plaintiffs allege a violation of their First Amendment rights to free speech apparently based upon the Plaintiffs' inquiry as to "the legal and factual basis of the search and seizure" and the Defendants' initial lack of response and subsequent profanity. (Complaint Doc. No 2 ¶¶21-22; 28-31)

Accordingly, any claim for violation of the Plaintiffs' First Amendment rights should be dismissed.

## VI.   EIGHTH COUNT

### A.   The Defendants, Farley, Gutierrez, Benoit are not Liable to the Plaintiffs on a Claim of Conspiracy

In the Eighth Count of Plaintiffs' Complaint, (Doc. No 2) the Plaintiffs allege that the individually named officers, Farley, Gutierrez, and Benoit in this case acted by way of a conspiracy to arrest, charge and prosecute the Plaintiffs in violation of the Plaintiffs' civil rights.

The Plaintiffs assert that the individual Defendants, at the time of the claims alleged in their Complaint, were employed as police officers for the City of Waterbury, and each Defendant was acting under the color of state law by performing duties as a police officer for the City of Waterbury. (Complaint, Doc. No 2 ¶49)

In order to state a §1983 conspiracy claim, a plaintiff must allege facts showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that

goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *See also, Ciambriello v. Cnty. Of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).  However, before the Court can even address the elements of a §1983 conspiracy, plaintiff must get past "the first step of analysis" regarding a conspiracy claim.  *See, Varricchio v. County of Nassau,* 702 F. Supp 2d 40, 62 (E.D.N.Y. 2010) (quoting *Farbstein v. Hicksville Pub. Library*, 254 Fed. App'x. 50, 50-51 (2d Cir. 2007)) (affirming dismissal of conspiracy complaint "at the first step of analysis" because complaint made reference only to employees of the same corporation).

      A.     **<u>Intracorporate Conspiracy Doctrine</u>**

      Plaintiffs' conspiracy claims fail because the alleged conspirators are members of the same public entity, i.e., the Waterbury Police Department.  Under the intracorporate conspiracy doctrine, employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring together.  *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978)("[T]here is no conspiracy [under §1985] if the conspiratorial conduct challenged is essentially a single act be a single corporation acting exclusively through its own. . . officers and employees. . ."); *see also, Kogut v. Cnty. Of Nassau*, Nos. 06 Civ 6695(JS)(WDW), 06 Civ. 6720 (JS)(WDW), 2009 WL 2413648, at 12-13 (E.D.N.Y. August 3, 2009)(dismissing §1983 conspiracy claim under the intracorporate conspiracy doctrine because plaintiff asserted a conspiracy only between actors of the same municipal entity).

While, "[a]n exception to the intracorporate conspiracy doctrine applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity," *Quinn v. Nassau Cnty. Police Dep't,* 53 F. Supp 2d 347, 360 (E.D.N.Y 1999) (citation omitted), the Complaint contains no allegation to that effect.  The Complaint does not allege that any of the Waterbury Police Officers were acting solely in their personal interest. The Complaint alleges that the defendant officers "were acting under color of authority as sworn-officers, employees, agents, and/or servants of the Defendant City of Waterbury's Police Department, and/or otherwise as agents of Defendant City of Waterbury . . ." (Complaint Doc. No 2 ¶49).  Therefore, Plaintiffs' conspiracy claims are subject to dismissal because of Plaintiffs' failure to allege a conspiracy between two or more independent state actors or legal entities.  *See, Farbstein v.Hicksville Pub. Library*, 254 Fed App'x. 50, 51 (2d Cir. 2007) (affirming district court's conclusion that alleged conspiracy between two or more library employees failed because of the "legal impossibility of pleading conspiracy by exclusive reference to actions of employees of a single corporation."  (citing *Herrmann,* 576 F.2d at 459)).  Accordingly, all claims of conspiracy should be dismissed.

Further with regard to the Plaintiffs' allegation that the Defendant officers acted by way of a conspiracy, to cover up their actions in the incident of October 31, 2019, these allegations have their basis in mere speculation and conjecture and are simply conclusory. "Conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional

rights" are insufficient to state a valid conspiracy claim.  *Somer v. Dixon,* 709 F.2d 173, 175 (2d Cir. 1983).

**VII.**    **NINTH COUNT**

    **A.**    **The Plaintiffs have Failed to Allege Sufficient Facts upon which to Assert a Monell Claim**

The Plaintiffs assert what appears to be a *Monell* claim in the Ninth Count of the Complaint in a conclusory fashion.  "[F]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 555 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted).  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (quotation marks omitted).

As the Supreme Court has made clear, "conclusory. . . allegations" are "disentitle[d] . . . to the presumption of truth." *Iqbal*, 556 U.S. 681, 129 S. Ct. 1937; *see also, Shepherd v.*

*Fischer*, No. 10-cv-1524, 2015 WL 1246049 at 13 (N.D.N.Y. Feb. 23, 2015) As Second

Circuit law has long taught even within the context of the *Colon* framework, "merely recit[ing]

the legal elements of a successful §1983 claim for supervisory liability. . . does not meet the

plausibility pleading standard."  *Dotson v. Farrugia*, No. 11-cv-1126, 2012 WL 996997 at 6

(S.D.N.Y. Mar. 26, 2012).

In the present case, the Plaintiffs have purportedly asserted a *Monell* claim in the Ninth

Count of the Complaint.  However, the Plaintiffs have failed to set forth significant facts to

state a claim for relief that is plausible on its face.  More specifically, the Plaintiffs simply

allege that the Defendant City of Waterbury's Police Department "developed and maintained

policies or customs exhibiting deliberate indifference to the constitutional rights of persons

within the geographical limits of the Defendant City of Waterbury, which caused the above

violations to the Plaintiffs' rights;"  (Complaint Doc. No 2 ¶105).  The Plaintiffs further allege a

failure to exercise reasonable care in the hiring of the defendant police officers as well as

inadequacy in supervision, training and failing to adequately discourage further constitutional

violations on the part of its police officers.  (Complaint Doc. No 2 ¶¶ 106-107) Finally, the

Plaintiffs allege that the Defendants' actions were not properly monitored by supervisory

officers and that these policies and customs demonstrate a deliberate indifference on the part

of the Defendant, City of Waterbury.  (Complaint Doc. No 2 ¶¶108-109).  These conclusory

and factually unsupported allegations of the Plaintiffs' Complaint fail to set forth sufficient

facts to state a claim upon which relief can be granted.  *Iqbal* 556 U.S. at 679.  Any §1983

claim against the City of Waterbury should be dismissed.

**VIII.**   **TENTH COUNT**

    **A.**   **The Plaintiffs have Failed to Set Forth a Claim Against the Defendant City of Waterbury for Respondeat Superior**

       In the Tenth Count of the Plaintiffs' Complaint, the Plaintiffs assert a claim against the

Defendant City of Waterbury based upon the legal principle of *respondeat superior*.

Specifically, the Plaintiffs allege that the defendant police officers were at all times the

employees, agents and/or servants of the Defendant City of Waterbury acting within the

scope of their employment and, therefore, are liable to the Plaintiffs under a theory of

*respondeat superior*.  (Complaint Doc. No 2 ¶¶111-113)

       In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d

611 (1978), the Supreme Court held that a municipality may not be held liable under §1983

for the constitutional torts of its employers solely on a *respondeat superior* basis. *Id* at 690.

*Lewis v. City of New Haven*, 2017 U.S. Dist. LEXIS 3649, 2017 WL 1010304.  Accordingly

the Tenth Count of the Plaintiffs' Complaint should be dismissed.

**VIII.**   **CONCLUSION**

       For the foregoing reasons, the Defendants respectfully request that their Motion to

Dismiss be granted.

THE DEFENDANTS, LEE FARLEY, BRYAN GUITIERREZ, MATTHEW BENOIT AND CITY OF WATERBURY

BY:   /s/ Joseph A. Mengacci
        Joseph A. Mengacci
        Federal Bar Number: ct05394
        Office of Corporation Counsel
        235 Grand Street, 3rd Floor
        Waterbury, CT 06702
        Phone: (203) 574-6731
        Fax: (203) 574-8340
        jmengacci@waterburyct.org

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of the foregoing, was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY:   /s/ Joseph A. Mengacci
        Joseph A. Mengacci
        Federal Bar Number: ct05394

F:\New Electronic Filing System\FILE MANAGEMENT\Litigation\Police\Habib, Michael, et al. v. Farley, Lee, et al\PLEADINGS\MTD Memo.docx