# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

## NEW HAVEN DIVISION

_____

MICHAEL J. HABIB et al.,   )
                       )     CASE NO. 3:19-cv-2023-SRU
         Plaintiffs, )
                       )     ECF No. 20
v.                       )
                       )
LEE FARLEY et al.,      )
                       )
        Defendants. )
_____)     DECEMBER 24, 2020

### CONSENT REQUEST FOR LEAVE
### TO FILE _AMENDED COMPLAINT_

**COME NOW** the Plaintiffs in the above-captioned matter, by and through the Undersigned, and Hereby Respectfully **REQUEST LEAVE** of this Honorable Court, with the prior Consent of the Defendants granted through Defendants' Counsel, to file an _Amended Complaint_, as more specifically appears below and appended to this _Request for Leave_, pursuant to _Fed. R. Civ. P._ 15(a)(2).

Plaintiffs file this _Request for Leave_ and appended (Proposed) _Amended Complaint_ with the Consent of the Defendants, through Counsel, and Defendants' Counsel has been provided a copy of Plaintiffs' (Proposed) _Amended Complaint_ in-advance of the filing of this _Request for Leave_. Defendants,



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

– 1 –

through Counsel, after reviewing Plaintiffs' (Proposed) *Amended Complaint*, do not object to Plaintiffs' proposed amendments to the *Complaint.*

Defendants previously filed a *Motion to Dismiss* (ECF No. 15), seeking dismissal of: *Counts Two* through *Ten* of the *Complaint*, in their entirety; *Count One* of the *Complaint* against the Defendants in their Official Capacities; and, all constitutional claims in *Count One* of the *Complaint* except for excessive force claims.  On October 28, 2020, Plaintiffs filed a (limited) *Objection* (ECF No. 19) to Defendants' *Motion to Dismiss.*

On Thursday, December 3, 2020, the parties held and conducted a preliminary, joint conference pursuant to *Fed. R. Civ. P.* 26(f).  After thorough discussion of Defendants' pending *Motion to Dismiss* (ECF No. 15), and the legal claims contained therein, it was decided and agreed by all Counsel that Defendants legal claims in the pending *Motion to Dismiss* are meritorious and likely to succeed on the merits and law.

As a result, in order to conserve judicial resources by saving this Honorable Court and the parties the time and expense of arguing and adjudicating Defendants' *Motion to Dismiss* and Plaintiffs' (limited) *Objection* thereto, Plaintiffs agreed to present an *Amended Complaint*, removing the claims



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

subject to Defendants' *Motion to Dismiss*, and similarly shortening and simplifying the pleadings in the *Complaint*.

The following Exhibits are appended to this *Request for Leave*:

**EXHIBIT A:** **(Proposed)** *Amended Complaint*.

**EXHIBIT B:** **Red-Line Mark-Up of all proposed changes to Plaintiffs' *Complaint*, with all deletions ~~stricken-through~~ in red, and all additions <u>underlined</u> in red.**

Plaintiffs' (Proposed) *Amended Complaint* contains the following substantive amendments:

1. <u>**Removed**</u> **the City of Waterbury as a Defendant, leaving only the individual Defendants;**

2. <u>**Removed**</u> **the portion of *Count One* of the *Complaint* directed to the individual Defendants in their <u>Official Capacities</u>, leaving only claims against the individual Defendants in their Individual Capacities;**

3. <u>**Removed**</u> ***Counts Two* through *Ten* of the *Complaint*;**

4. <u>**Removed**</u> **the Constitutional claims against the Individual Defendants <u>except</u> the claims of unreasonable and/or excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution;**

5. <u>**Separated**</u> **the "failure to intervene" claims against the individual Defendants from *Count One* of the *Complaint*, into a (new) *Count Two* of the *Complaint*.**



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 3 -

**WHEREFORE**, for the foregoing reasons, Plaintiffs Respectfully Request that this Honorable Court **GRANT** Plaintiffs leave to file the attached (Proposed) *Amended Complaint*, pursuant to *Fed. R. Civ. P.* 15(a)(2), the (Proposed) *Amended Complaint* to become the operative pleading to be answered or otherwise responded to by Defendants in the manner and within the time allowed by law.

RESPECTFULLY SUBMITTED,
FOR THE PLAINTIFFS,

By:
**MICHAEL J. HABIB, ESQ. (CT29412)**
Willcutts & Habib, LLC
100 Pearl Street, 14th Flr.
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
E-Mail: Mike@InzitariLawOffice.com

WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

– 4 –

# UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

### NEW HAVEN DIVISION

```
_____
MICHAEL J. HABIB et al.,      )
                              )        CASE NO. 3:19-cv-2023-SRU
             Plaintiffs,      )
                              )        ECF No. 20
v.                            )
                              )
LEE FARLEY et al.,            )
                              )
             Defendants.      )
_____)       DECEMBER 24, 2020
```

### CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E), I hereby certify that on **DECEMBER 24, 2020**, a copy of the foregoing **CONSENT REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT** was served on each Defendant, through each Defendant's Counsel of Record, via filing and transmission through this Honorable Court's CM/ECF electronic filing system.

Parties may also access a copy of this filing through the Court's CM/ECF System.

Dated at **NEW HAVEN, CT** on **24 December 2020**.

_____
Michael J. Habib, Esq. (CT29412)



WILLCUTTS & HABIB LLC
100 PEARL ST., 14ᵀᴴ FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

# EXHIBIT A



**WILLCUTTS & HABIB LLC**
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

# United States District Court

## District of Connecticut
## New Haven Division

| | |
|---|---|
| **MICHAEL J. HABIB** and | ) |
| | ) |
| **STEVEN J. WHITE,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO. 3:19-cv-2023 |
| v. | ) |
| | ) |
| **LEE FARLEY,** in his | ) ECF NO. |
| individual capacity, | ) |
| | ) |
| **BRYAN GUTIERREZ** in his | ) |
| Individual CApacity, and | ) |
| | ) |
| **MATTHEW BENOIT,** in his | ) |
| individual capacity. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) DECEMBER   , 2020 |

### (PROPOSED) AMENDED COMPLAINT

Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE,** for their Amended Complaint against Defendants, state as follows:

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, under the Fourth and Fourteenth Amendments to the United States Constitution, against Defendants in their individual capacities;

2.  Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** allege that Defendants **LEE FARLEY** and **BRYAN GUTIERREZ**, sworn-officers of the Waterbury Police Department, used unreasonable and excessive force against Plaintiffs, in violation of Plaintiffs' rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution;

3.  Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** further allege that Defendants **LEE FARLEY**, **BRYAN GUTIERREZ**, and **MATTHEW BENOIT**, sworn-officers of the Waterbury Police Department with a legal duty to prevent the violation and deprivation of Plaintiffs' constitutional rights, failed to intervene or otherwise take reasonable steps to end the unlawful conduct alleged in this *Complaint*;

## JURISDICTION AND VENUE

4.  This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983, and authority to award attorneys' fees pursuant to 42 U.S.C. § 1988;

5.  Venue lies in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions

giving rise to Plaintiffs' claims occurred in Waterbury, New Haven County, Connecticut;

**PARTIES**

6. At all times mentioned herein and relevant hereto, Plaintiff **MICHAEL J. HABIB** is and was an adult citizen and resident of the State of Connecticut;

7. At all times mentioned herein and relevant hereto, Plaintiff **STEVEN J. WHITE** is and was an adult citizen and resident of the State of Connecticut;

8. At all times mentioned herein and relevant hereto, Defendant **LEE FARLEY**, Badge # 838, was a sworn-Patrol Officer with the Waterbury, Connecticut Police Department, who was present at the scene, participated in, was witness to, and failed to intervene or otherwise take reasonable steps to end the unlawful conduct alleged in this *Complaint*, and is sued in his individual capacity;

9. At all times mentioned herein and relevant hereto, Defendant **BRYAN GUTIERREZ** was a sworn-Patrol Officer with the Waterbury, Connecticut Police Department, who was also present at the scene, participated in, was witness to, and failed to intervene or otherwise take reasonable steps to

end the unlawful conduct alleged in this *Complaint*, and is sued in his individual capacity;

10. At all times mentioned herein and relevant hereto, Defendant **MATTHEW BENOIT**, Badge # 775, was a Sergeant and a sworn-Officer with the Waterbury, Connecticut Police Department, who witnessed and failed to intervene or otherwise take reasonable steps to end the unlawful conduct alleged in this *Complaint*, and is sued in his individual capacity;

11. At all times mentioned herein and relevant hereto, the City of Waterbury was and is a municipal corporation organized under the laws and Constitution of the State of Connecticut, located in New Haven County, Connecticut, which maintains and operates the Waterbury Police Department, and was the public employer of Defendants;

<u>**BACKGROUND**</u>

12. On or about **OCTOBER 31, 2019**, at approximately **5:26 PM**, Defendants **LEE FARLEY** and **BRYAN GUTIERREZ**, who were on-duty working as police officers employed by the City of Waterbury, in a marked police cruiser, effectuated a pretextual investigative traffic stop of a 2003 red two-door Acura CL-Type S, owned and operated by Plaintiff

STEVEN J. WHITE, and in which Plaintiff MICHAEL J. HABIB was the front-seat passenger, on North Main Street in the City of Waterbury;

13. Non-party Jeffrey Hethcote was seated in the driver's side rear passenger seat, directly behind Plaintiff STEVEN J. WHITE, and non-party Przemyslaw Kozikowska was seated in the passenger side rear passenger seat, directly behind Plaintiff MICHAEL J. HABIB, both in Plaintiff STEVEN J. WHITE's vehicle;

14. At all times mentioned herein and relevant hereto, non-party Przemyslaw Kozikowska was and is a "qualifying patient" (*see Conn. Gen. Stat.* § 21a-408(16)) with "written certification" issued by a physician (*see Conn. Gen. Stat.* §§ 21a-408(21) & 21a-408c), and registered with the Connecticut Department of Consumer Protection to engage in the palliative (medicinal) use of marijuana (*see Conn. Gen. Stat.* §§ 21a-408(12) & 21a-408a), who purchased the contents of a certain white paper bag from a "licensed dispensary" (*see Conn. Gen. Stat.* §§ 21a-408(8) & 21a-408h) on October 31, 2019;

15. At all times mentioned herein and relevant hereto, Plaintiff STEVEN J. WHITE's hands were both placed firmly on the steering wheel of his vehicle, and Plaintiff MICHAEL

- 5 -

    **J. HABIB**'s hands were at all times on his lap, with his cell phone in his right hand and wallet in his left hand;

16. Defendant **LEE FARLEY** approached the driver's side and Defendant **BRYAN GUTIERREZ** approached the passenger side of Plaintiff **STEVEN J. WHITE**'s vehicle;

17. Defendant **BRYAN GUTIERREZ**, prior to asking any investigative or identifying questions, immediately ordered Plaintiff **MICHAEL J. HABIB** to place his cell phone, at that time still held in Plaintiff's right-hand, on the seat of the vehicle and to exit the vehicle for officer safety;

18. Defendant **BRYAN GUTIERREZ** immediately restrained Plaintiff **MICHAEL J. HABIB** in handcuffs, conducted a pat-down, *Terry* frisk of Plaintiff, which revealed no weapons or contraband, asked Plaintiff for identification, which Plaintiff provided by instructing Defendant **BRYAN GUTIERREZ** of the location of Plaintiff's identification in his wallet, still held in Plaintiff's left hand, and then secured Plaintiff in the back of a police cruiser;

19. Concurrent with the events in Paragraph 18, above, Plaintiff **MICHAEL J. HABIB** repeatedly inquired of Defendant **BRYAN GUTIERREZ** why Plaintiff was being physically restrained in handcuffs, and for the legal and factual

basis of the seizure and search of Plaintiff's person, which inquiries Defendant **BRYAN GUTIERREZ** repeatedly ignored and refused to answer;

20. While Defendant **BRYAN GUTIERREZ** conducted a *Terry* frisk of Plaintiff **MICHAEL J. HABIB**, additional Waterbury Police Department personnel, in both marked and unmarked police vehicles, the identities of whom are presently unknown, arrived at the scene;

21. At the same time as the events in Paragraphs 17-21, above, Defendant **LEE FARLEY**, prior to asking any investigative or identifying questions, immediately ordered Plaintiff **STEVEN J. WHITE** to exit the vehicle for officer safety;

22. Defendant **LEE FARLEY** immediately restrained Plaintiff **STEVEN J. WHITE** in handcuffs, conducted a pat-down, *Terry* frisk of Plaintiff, which revealed no weapons or contraband, and then brought Plaintiff to the curb on the side of North Main Street;

23. Defendant **LEE FARLEY**, still without asking any investigative or identifying questions, then returned to Plaintiff **STEVEN J. WHITE**'s vehicle and immediately used the trunk release latch on the driver's side of the vehicle to open the trunk;

24. Defendant **LEE FARLEY** then began to remove items from the trunk of Plaintiff **STEVEN J. WHITE**'s vehicle and thoroughly search the contents of the trunk, while Defendant **BRYAN GUTIERREZ** immediately began to remove items from the passenger compartment and thoroughly search the contents of the vehicle;

25. At the same time, Plaintiff **STEVEN J. WHITE** repeatedly verbally objected to Defendants' **LEE FARLEY** and **BRYAN GUTIERREZ**'s search of Plaintiff's vehicle, clearly stating aloud several times that Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** do not have Plaintiff's consent to search Plaintiff's motor vehicle, and Plaintiff repeatedly inquired of Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** for the legal and factual basis of the seizure and search of Plaintiff's person and motor vehicle, which inquiries Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** repeatedly ignored and refused to answer;

26. Defendant **LEE FARLEY,** raising his voice and using profanity and explicit language, repeatedly instructed Plaintiff **STEVEN J. WHITE** to be quiet (i.e. "Shut the fuck up") and to stop objecting to the search of his vehicle, in response to which Plaintiff **STEVEN J. WHITE** calmly informed

- 8 -

Defendant **LEE FARLEY** that, "There is no need to curse at me. I haven't raised my voice or cursed at you at all.";

27. Defendant **LEE FARLEY** then aggressively approached Plaintiff **STEVEN J. WHITE** and, standing directly in Plaintiff's face at a distance of approximately four (4) inches, Defendant **LEE FARLEY** threatened Plaintiff **STEVEN J. WHITE** with bodily harm if Plaintiff did not "Shut the fuck up" and stop objecting to the search of his vehicle;

28. Defendant **BRYAN GUTIERREZ** then removed Plaintiff **MICHAEL J. HABIB** from the back of the police cruiser andseated Plaintiff on the curb at the side of North Main Street, while Defendant **LEE FARLEY** secured Plaintiff **STEVEN J. WHITE** in the back of the same police cruiser;

29. Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** resumed searching Plaintiff **STEVEN J. WHITE**'s vehicle, allegedly locating:

   a. contraband in the trunk of Plaintiff's vehicle, which was secured in a lockbox which was contained within a closed back-pack style bag;

   b. a white paper bag in the rear passenger compartment, on the passenger side of the vehicle, near the feet of non-Party Przemyslaw Kozikowska, containing approximately ten (10)

grams of medicinal marijuana and six (6) medicinal marijuana edibles; and,

c. a small, clear zip-lock style bag containing a small quantity of suspected contraband, which was allegedly located in the rear passenger compartment near the center seat cushion;

30. After Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** located the above-mentioned alleged contraband within Plaintiff **STEVEN J. WHITE**'s vehicle, Defendant **LEE FARLEY** instructed an unknown individual who is a sworn-officer with Waterbury Police Department, to identify the operator of the motor vehicle;

31. Upon identifying Plaintiff **STEVEN J. WHITE**, Defendant **LEE FARLEY** determined that Plaintiff **STEVEN J. WHITE**'s operator's license was suspended and that there was an active arrest warrant for Plaintiff **STEVEN J. WHITE** out of Connecticut State Police Troop B and G.A. # 18 at Torrington;

32. Plaintiffs **STEVEN J. WHITE** and **MICHAEL J. HABIB**, and Non-Parties Jeffrey Hethcote and Przemyslaw Kozikowska, were all transported to the Waterbury Police Department Headquarters and charged with various offenses;

33. On or about **October 31, 2019** at approximately **6:29 PM**, Defendant **LEE FARLEY** authored and generated a certain "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, which Defendant **LEE FARLEY** swore, deposed and acknowledged, under oath, to be "an accurate statement," by executing the same;

34. Defendant **LEE FARLEY**'s "CASE/INCIDENT REPORT" bearing CFS No. 1900112384 is also executed and endorsed by Defendant **MATTHEW BENOIT**;

35. Defendant **LEE FARLEY**'s "CASE/INCIDENT REPORT" bearing CFS No. 1900112384 contains the following false statements and material misrepresentations of fact:

   a. "impeding the flow of traffic," at Page 3 of 7;

   b. "the driver of the vehicle- later identified as Steven White (DOB XX/XX/86) reaching towards the center console of the vehicle," at Page 4 of 7;

   c. "I observed the front seat passenger-later identified as Michael Habid (sic) (DOB XX/XX/86) with his hands reaching under his seat," at Page 4 of 7;

   d. "Due to White being under arrest for his confirmed warrant, I determined that the vehicle was to be towed," at Page 4 of 7;

e. "A pre tow inventory search of the vehicle," at Page 4 of 7;

f. "in the area of where Habid (sic) was reaching upon contact," at Page 4 of 7;

g. "is consistent with marijuana and the quantity of how it is distributed for street sale," at Page 4 of 7;

h. "Said containers did not have any prescribed names on the container," at Page 4 of 7; and,

i. "Search incident to arrest revealed a Samsung Galaxy S9 phone with black case in White's pants pocket," at Page 5 of 7;

36. Defendant **LEE FARLEY**'s statements in the "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, as pled in Paragraph 39 of this *Complaint*, above, are false and/or material misrepresentations of fact for the following reasons:

a. Plaintiff **STEVEN J. WHITE**'s vehicle was parked at the curb and not impeding the flow of traffic;

b. Plaintiff **STEVEN J. WHITE** maintained both of his hands on the steering wheel at all times, *see* Paragraph 17 of this *Complaint*, above;

c. Plaintiff **MICHAEL J. HABIB** maintained his hands in his lap, holding his cell phone in one hand and wallet in the other, at all times, *see id.*, and indeed the particular model of motor vehicle does not have sufficient clearance for the front seat passenger to reach underneath the seat;

d. Defendant **LEE FARLEY** did not identify Plaintiff **STEVEN J. WHITE**, or search for and locate the warrant, until after searching the vehicle and locating the alleged contraband;

e. Defendants **LEE FARLEY** and **BRYAN GUTIERREZ**'s search of the vehicle occurred before Defendants learned of Plaintiff **STEVEN J. WHITE**'s warrant and before discovering that Plaintiff **STEVEN J. WHITE**'s operator's license was suspended;

f. *See* Paragraph 40(c) of this *Complaint*, above;

g. The medicinal marijuana was still packaged in the original containers from the licensed medicinal marijuana dispensary in which the medicinal marijuana was packaged when purchased by non-party Przemyslaw Kozikowska shortly before the traffic stop that is the subject of this action;

    h. The containers of medicinal marijuana were clearly labeled by the licensed medicinal marijuana dispensary with the name of the authorized patient, non-party Przemyslaw Kozikowska; and,

    i. Plaintiff **STEVEN J. WHITE**'s cellular telephone was resting in the cup holder in the center console of the vehicle, not on Plaintiff's person or in Plaintiff's pocket;

37. At the time that Defendant **LEE FARLEY** authored, generated, swore, deposed, and acknowledged "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, Defendants **LEE FARLEY** and **MATTHEW BENOIT** knew that the statements in Paragraph 37 of this *Complaint*, above, were false statements and material misrepresentations of fact;

38. In so acting as alleged in Paragraphs 35-39 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** acted intentionally, willfully, maliciously, and in bad-faith, with the specific intent to illegally create the appearance of probable cause, *ex post facto*, to justify and cover-up Defendant **LEE FARLEY**'s following illegal conduct:

    a. unlawfully searching Plaintiff **MICHAEL J. HABIB**'s person without probable cause;

b. unlawfully seizing Plaintiff **MICHAEL J. HABIB**'s person without probable cause;

c. unlawfully searching Plaintiff **STEVEN J. WHITE**'s person without probable cause;

d. unlawfully seizing Plaintiff **STEVEN J. WHITE**'s person without probable cause; and,

e. unlawfully arresting Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** without probable cause;

39. In so acting as alleged in Paragraphs 35–40 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** knowingly acted unlawfully;

40. In so acting as alleged in Paragraphs 35–41 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** acted intentionally, willfully, maliciously, in bad-faith, and with reckless disregard for and deliberate indifference to Plaintiffs' rights;

41. In so acting as alleged in Paragraphs 35–42 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** acted intentionally, willfully, maliciously, in bad-faith, with reckless disregard and deliberate indifference for and with specific intent to deprive Plaintiffs of their

constitutional rights under the Fourth and Fourteenth
Amendments to the United States Constitution;

42. At all times mentioned herein and relevant hereto,
Defendants **LEE FARLEY, BRYAN GUTIERREZ**, and **MATTHEW BENOIT**
were acting under color of state law

43. Defendant **LEE FARLEY** violated Plaintiffs' rights guaranteed
to Plaintiffs under the Constitution of the United States
by:

   a. physically assaulting Plaintiff **STEVEN J. WHITE**;

   b. unlawfully seizing, without probable cause,
   Plaintiff **STEVEN J. WHITE**'s person; and,

   c. Battering Plaintiff **STEVEN J. WHITE** by
   intentionally and offensively contacting
   Plaintiff's body when he placed Plaintiff under
   arrest without probable cause;

44. Defendant **MATTHEW BENOIT** failed to intervene and/or
otherwise prevent the deprivation of Plaintiffs' rights
guaranteed to Plaintiffs under the United States
Constitution caused by the affirmative acts and conduct of
Defendant **LEE FARLEY** alleged above in Paragraph 45 of this
*Complaint*;

45. Defendant **BRYAN GUTIERREZ** participated in the affirmative acts and conduct of Defendant **LEE FARLEY** alleged above in Paragraph 45 of this *Complaint*, resulting in the violation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution;

46. Defendant **BRYAN GUTIERREZ** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **LEE FARLEY** alleged above in Paragraph 45 of this *Complaint*;

47. The conduct and actions of Defendant **LEE FARLEY**, and the participation of Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** in the actions of Defendant **LEE FARLEY**, as alleged above in Paragraphs 45-48, violated the following clearly-established and well-settled federal constitutional rights of Plaintiffs:

   a. Freedom from the use of unreasonable and/or excessive force under the Fourth and Fourteenth Amendments to the United States Constitution;

48. The conduct and actions of Defendant **LEE FARLEY**, the participation of Defendant **BRYAN GUTIERREZ**the actions of

Defendant **LEE FARLEY**, and the failure of Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights caused by the affirmative acts and conduct of Defendant **LEE FARLEY**, as alleged above, proximately caused the following injuries to Plaintiffs:

a. Loss of physical liberty;

b. Intentional, offensive contact with the body;

c. Fear of imminent peril resulting from an offer or attempt to injure;

d. Financial loss;

e. Emotional pain and suffering;

f. Mental anguish;

g. Shock;

h. Fright;

i. To be held up to the public ridicule and humiliation;

j. Great annoyance, embarrassment, and shame;

k. Loss of and injury to Plaintiffs' good name, character, and reputation; and/or,

l. Deprivation of Plaintiffs' constitutional rights;

49. Defendant **BRYAN GUTIERREZ** violated Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution by:

    a. physically assaulting Plaintiff **MICHAEL J. HABIB**;

    b. unlawfully seizing, without probable cause, Plaintiff **MICHAEL J. HABIB**'s person;

    c. Battering Plaintiff **MICHAEL J. HABIB** by intentionally and offensively contacting Plaintiff's body when he placed Plaintiff under arrest without probable cause;

50. Defendant **LEE FARLEY** participated in the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ** alleged above in Paragraphs 51, resulting in the violation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution;

51. Defendants **LEE FARLEY** and **MATTHEW BENOIT** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ** alleged above in Paragraph 51 of this *Complaint*;

52. The conduct and actions of Defendant **BRYAN GUTIERREZ**, and the participation of Defendant **LEE FARLEY** in the actions of Defendant **BRYAN GUTIERREZ**, as alleged above in Paragraphs 51-53, violated the following clearly-established and well-settled federal constitutional rights of Plaintiffs:

    a. Freedom from the use of unreasonable and/or excessive force under the Fourth and Fourteenth Amendments to the United States Constitution;

53. The conduct and actions of Defendant **BRYAN GUTIERREZ**, the participation of Defendant **LEE FARLEY** in the actions of Defendant **BRYAN GUTIERREZ**, and the failure of Defendants **LEE FARLEY** and **MATTHEW BENOIT** to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights caused by the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ**, as alleged above, proximately caused the following injuries to Plaintiffs:

    a. Loss of physical liberty;

    b. Intentional, offensive contact with the body;

    c. Fear of imminent peril resulting from an offer or attempt to injure;

    d. Financial loss;

    e. Emotional pain and suffering;

    f. Mental anguish;

    g. Shock;

    h. Fright;

    i. To be held up to the public ridicule and humiliation;

    j. Great annoyance, embarrassment, and shame;

    k. Loss of and injury to Plaintiffs' good name, character, and reputation; and/or,

    l. Deprivation of Plaintiffs' constitutional rights;

54. In so acting as alleged above, Defendants acted unlawfully;

55. At all times mentioned herein and relevant hereto, Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiffs' rights and physical and mental well-being;

56. Defendants' unlawful actions were done willfully, knowingly, and with specific intent to deprive Plaintiffs of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

57. Defendants **LEE FARLEY**, **BRYAN GUTIERREZ** and **MATTHEW BENOIT** are not entitled to qualified immunity because their

conduct violated clearly established rights of which a reasonable person would have known, and it was not objectively reasonable for Defendants to believe that their acts did not violate clearly established rights;

**CAUSES OF ACTION**

**FIRST COUNT – (42 U.S.C. § 1983) Excessive & Unreasonable Force in violation of the 4th & 14th Amendments to the United States Constitution against Defendants LEE FARLEY & BRYAN GUTIERREZ in their Individual Capacities**

58. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-57, to the same effect as if fully recited and restated herein;

59. Plaintiffs claim damages against Defendants under 42 U.S.C. § 1983, for the injuries set-forth above, caused by Defendants' violations, under color of law, of Plaintiffs' constitutional right to be free from Excessive and Unreasonable Force under the 4th & 14th Amendments to the United States Constitution;

**SECOND COUNT – (42 U.S.C. § 1983) Failure to Intervene against Defendants LEE FARLEY, BRYAN GUTIERREZ, & MATTHEW BENOIT in their Individual Capacities**

60. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-59, to the same effect as if fully recited and restated herein;

61. Defendant **LEE FARLEY** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ** alleged in this *Complaint*;

62. Defendant **BRYAN GUTIERREZ** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **LEE FARLEY** alleged in this *Complaint*;

63. Defendant **MATTHEW BENOIT** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** alleged in this *Complaint*;

64. Plaintiffs claim damages against Defendants under 42 U.S.C. § 1983, for the injuries set-forth above, caused by Defendants' violations, under color of law, of Plaintiffs' constitutional right to be free from Excessive and Unreasonable Force under the 4th & 14th Amendments to the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Respectfully Pray, Claim, and Request that this Honorable Court:

A. Enter judgment in favor of Plaintiffs and against Defendants;

B. Award Plaintiffs compensatory damages against Defendants and punitive damages against Defendants **LEE FARLEY**, **BRYAN GUTIERREZ**, and **MATTHEW BENOIT** in their individual capacities only;

C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and,

D. Grant to Plaintiffs such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

**RESPECTFULLY SUBMITTED,**
**FOR THE PLAINTIFFS,**

_____
**MICHAEL J. HABIB, ESQ. (CT29412)**
Willcutts & Habib, LLC
100 Pearl Street, 14th Flr.
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
E-Mail: Mike@InzitariLawOffice.com

# EXHIBIT B



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

# UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT
### NEW HAVEN DIVISION

| | |
|---|---|
| **MICHAEL J. HABIB** and | ) |
| | **)** |
| **STEVEN J. WHITE,** | )   **JURY TRIAL DEMANDED** |
| | ) |
| Plaintiffs, | ) |
| | )   CASE NO. 3:19-cv-2023 |
| v. | ) |
| | ) |
| **LEE FARLEY,** in his ~~official and~~ individual capacit~~yies~~, | )   ECF NO. ~~2~~ |
| | ) |
| **BRYAN GUTIERREZ** in his ~~official and~~ individual capacit~~yies~~, and | ) |
| | ) |
| **MATTHEW BENOIT,** in his ~~official and~~ individual capacity. ~~ies,~~ | ) |
| | ) |
| ~~CITY OF WATERBURY,~~ | ~~)~~ |
| | ~~)~~ |
| Defendants. | )   ~~DECEMBER 31, 2019~~ |
| | )   DECEMBER   , 2020 |

### (PROPOSED) AMENDED COMPLAINT

Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE**, for their Amended ~~c~~Complaint against Defendants, state as follows:

### INTRODUCTION

1. This is an action for money damages~~, declaratory, and injunctive relief~~ brought pursuant to 42 U.S.C. §§ 1983 and 1988, under the Fourth and Fourteenth Amendments to the United States Constitution, ~~and under the Constitution and~~

**- 1 -**

~~laws of the State of Connecticut,~~ against Defendants in their ~~official and~~ individual capacities;

2. Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** allege that Defendants **LEE FARLEY** and **BRYAN GUTIERREZ**, sworn-officers of the ~~Defendant **CITY OF**~~ Waterbury~~ATERBURY~~ Police Department, used ~~made an~~ unreasonable and excessive force against Plaintiffs, in violation of Plaintiffs' rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution~~ search and seizure of Plaintiffs' persons and of Defendant **WHITE**'s personal property, assaulted Plaintiffs, battered Plaintiffs, falsely imprisoned Plaintiffs by stopping, physically restraining and arresting Plaintiffs without probable cause, and falsified information under oath in a written police report~~;

3. Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** further allege that Defendants **LEE FARLEY**, **BRYAN GUTIERREZ**, and **MATTHEW BENOIT**, sworn-officers of the ~~Defendant **CITY OF WATERBURY**~~ Waterbury Police Department with a legal duty to prevent the violation and deprivation of Plaintiffs' constitutional rights, failed to intervene or otherwise take reasonable steps to end the unlawful conduct alleged in this *Complaint*;

4. Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** further allege that that these constitutional violations were committed as a result of the policies, practices and customs of Defendant **CITY OF WATERBURY** and that Defendant **CITY OF WATERBURY** is liable under the theory of *respondeat superior* for the torts committed by Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT;**

## JURISDICTION AND VENUE

~~5.~~4. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983, ~~pursuant to the *Declaratory Judgment Act*, 28 U.S.C. §§ 2201 & 2202,~~ and authority to award attorneys' fees pursuant to 42 U.S.C. § 1988;

6. This Honorable Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the Constitution and laws of the State of Connecticut 28 U.S.C. § 1367;

~~7.~~5. Venue lies in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Waterbury, New Haven County, Connecticut;

## **PARTIES**

~~8.~~6. At all times mentioned herein and relevant hereto, Plaintiff **MICHAEL J. HABIB** is and was an adult citizen and resident of the State of Connecticut;

~~9.~~7. At all times mentioned herein and relevant hereto, Plaintiff **STEVEN J. WHITE** is and was an adult citizen and resident of the State of Connecticut;

~~10.~~8.     At all times mentioned herein and relevant hereto, Defendant **LEE FARLEY**, Badge # 838, was a sworn-Patrol Officer with the ~~Defendant **CITY OF WATERBURY**~~ Waterbury, Connecticut Police Department, who was present at the scene, participated in, was witness to, and failed to intervene or otherwise take reasonable steps to end the unlawful conduct alleged in this *Complaint,* and is sued in his individual ~~and official~~ capacit~~ies~~y;

~~11.~~9.     At all times mentioned herein and relevant hereto, Defendant **BRYAN GUTIERREZ** was a sworn-Patrol Officer with the ~~Defendant **CITY OF WATERBURY**~~ Waterbury, Connecticut Police Department, who was also present at the scene, participated in, was witness to, and failed to intervene or otherwise take reasonable steps to end the unlawful conduct

alleged in this *Complaint*, and is sued in his individual ~~and official~~ capacit~~yies~~;

~~12.~~10.    At all times mentioned herein and relevant hereto, Defendant **MATTHEW BENOIT**, Badge # 775, was a Sergeant and a sworn-Officer with the ~~Defendant~~ ~~**CITY OF WATERBURY**~~ Waterbury, Connecticut Police Department, who witnessed and failed to intervene or otherwise take reasonable steps to end the unlawful conduct alleged in this *Complaint*, and is sued in his individual ~~and official~~ capacit~~yies~~;

~~13.~~11.    At all times mentioned herein and relevant hereto, ~~Defendant~~ ~~**CITY OF WATERBURY**~~ the City of Waterbury was and is a municipal corporation organized under the laws and Constitution of the State of Connecticut, located in New Haven County, Connecticut, which maintains and operates the Waterbury Police Department, and was the public employer of Defendants ~~**LEE FARLEY, BRYAN GUTIERREZ, and MATTHEW BENOIT**~~;

### BACKGROUND

~~14.~~12.    On or about **OCTOBER 31, 2019**, at approximately **5:26 PM**, Defendants **LEE FARLEY** and **BRYAN GUTIERREZ**, who were on-duty working as police officers employed by ~~Defendant~~ ~~**CITY OF WATERBURY**~~ the City of Waterbury, in a marked police cruiser, effectuated a pretextual investigative traffic

stop of a 2003 red two-door Acura CL-Type S, owned and operated by Plaintiff **STEVEN J. WHITE**, and in which Plaintiff **MICHAEL J. HABIB** was the front-seat passenger, on North Main Street in the City of Waterbury;

~~15.~~13.    Non-party Jeffrey Hethcote was seated in the driver's side rear passenger seat, directly behind Plaintiff **STEVEN J. WHITE**, and non-party Przemyslaw Kozikowska was seated in the passenger side rear passenger seat, directly behind Plaintiff **MICHAEL J. HABIB**, both in Plaintiff **STEVEN J. WHITE**'s vehicle;

~~16.~~14.    At all times mentioned herein and relevant hereto, non-party Przemyslaw Kozikowska was and is a "qualifying patient" (*see Conn. Gen. Stat.* § 21a-408(16)) with "written certification" issued by a physician (*see Conn. Gen. Stat.* §§ 21a-408(21) & 21a-408c), and registered with the Connecticut Department of Consumer Protection to engage in the palliative (medicinal) use of marijuana (*see Conn. Gen. Stat.* §§ 21a-408(12) & 21a-408a), who purchased the contents of a certain white paper bag from a "licensed dispensary" (*see Conn. Gen. Stat.* §§ 21a-408(8) & 21a-408h) on October 31, 2019;

~~17.~~15.    At all times mentioned herein and relevant hereto, Plaintiff **STEVEN J. WHITE**'s hands were both placed firmly

- 6 -

on the steering wheel of his vehicle, and Plaintiff **MICHAEL J. HABIB**'s hands were at all times on his lap, with his cell phone in his right hand and wallet in his left hand;

~~18.~~16.    Defendant **LEE FARLEY** approached the driver's side and Defendant **BRYAN GUTIERREZ** approached the passenger side of Plaintiff **STEVEN J. WHITE**'s vehicle;

~~19.~~17.    Defendant **BRYAN GUTIERREZ**, prior to asking any investigative or identifying questions, immediately ordered Plaintiff **MICHAEL J. HABIB** to place his cell phone, at that time still held in Plaintiff's right-hand, on the seat of the vehicle and to exit the vehicle for officer safety;

~~20.~~18.    Defendant **BRYAN GUTIERREZ** immediately restrained Plaintiff **MICHAEL J. HABIB** in handcuffs, conducted a pat-down, *Terry* frisk of Plaintiff, which revealed no weapons or contraband, asked Plaintiff for identification, which Plaintiff provided by instructing Defendant **BRYAN GUTIERREZ** of the location of Plaintiff's identification in his wallet, still held in Plaintiff's left hand, and then secured Plaintiff in the back of a police cruiser;

~~21.~~19.    Concurrent with the events in Paragraph ~~20~~18, above, Plaintiff **MICHAEL J. HABIB** repeatedly inquired of Defendant **BRYAN GUTIERREZ** why Plaintiff was being physically

- 7 -

restrained in handcuffs, and for the legal and factual basis of the seizure and search of Plaintiff's person, which inquiries Defendant **BRYAN GUTIERREZ** repeatedly ignored and refused to answer;

22.   ~~Plaintiff **MICHAEL J. HABIB**'s statements and inquiries in Paragraph 21 of this *Complaint*, above, constitute constitutionally protected speech under the First Amendment to the United States Constitution and Article First, Section 4 of the Connecticut Constitution;~~

~~23.~~20.   While Defendant **BRYAN GUTIERREZ** conducted a *Terry* frisk of Plaintiff **MICHAEL J. HABIB**, additional Waterbury Police Department personnel, ~~employed by Defendant **CITY OF WATERBURY**,~~ in both marked and unmarked police vehicles, the identities of whom are presently unknown, arrived at the scene;

~~24.~~21.   At the same time as the events in Paragraphs ~~20~~17-21~~23~~, above, Defendant **LEE FARLEY**, prior to asking any investigative or identifying questions, immediately ordered Plaintiff **STEVEN J. WHITE** to exit the vehicle for officer safety;

~~25.~~22.   Defendant **LEE FARLEY** immediately restrained Plaintiff **STEVEN J. WHITE** in handcuffs, conducted a pat-down, *Terry*

- 8 -

frisk of Plaintiff, which revealed no weapons or contraband, and then brought Plaintiff to the curb on the side of North Main Street;

~~16.~~23.     Defendant **LEE FARLEY**, still without asking any investigative or identifying questions, then returned to Plaintiff **STEVEN J. WHITE**'s vehicle and immediately used the trunk release latch on the driver's side of the vehicle to open the trunk;

~~17.~~24.     Defendant **LEE FARLEY** then began to remove items from the trunk of Plaintiff **STEVEN J. WHITE**'s vehicle and thoroughly search the contents of the trunk, while Defendant **BRYAN GUTIERREZ** immediately began to remove items from the passenger compartment and thoroughly search the contents of the vehicle;

~~18.~~25.     At the same time, Plaintiff **STEVEN J. WHITE** repeatedly verbally objected to Defendants' **LEE FARLEY** and **BRYAN GUTIERREZ**'s search of Plaintiff's vehicle, clearly stating aloud several times that Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** do not have Plaintiff's consent to search Plaintiff's motor vehicle, and Plaintiff repeatedly inquired of Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** for the legal and factual basis of the seizure and search of Plaintiff's person and motor vehicle, which inquiries

Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** repeatedly ignored and refused to answer;

~~29.~~ 26.    Defendant **LEE FARLEY**, raising his voice and using profanity and explicit language, repeatedly instructed Plaintiff **STEVEN J. WHITE** to be quiet (i.e. "Shut the fuck up") and to stop objecting to the search of his vehicle, in response to which Plaintiff **STEVEN J. WHITE** calmly informed Defendant **LEE FARLEY** that, "There is no need to curse at me.  I haven't raised my voice or cursed at you at all.";

~~30. Plaintiff **STEVEN J. WHITE**'s statements and inquiries in Paragraphs 28-29 of this *Complaint*, above, constitute constitutionally protected speech under the First Amendment to the United States Constitution and Article First, Section 4 of the Connecticut Constitution;~~

~~31.~~ 27.    Defendant **LEE FARLEY** then aggressively approached Plaintiff **STEVEN J. WHITE** and, standing directly in Plaintiff's face at a distance of approximately four (4) inches, Defendant **LEE FARLEY** threatened Plaintiff **STEVEN J. WHITE** with bodily harm if Plaintiff did not "Shut the fuck up" and stop objecting to the search of his vehicle;

~~32.~~ 28.    Defendant **BRYAN GUTIERREZ** then removed Plaintiff **MICHAEL J. HABIB** from the back of the police cruiser and

seated Plaintiff on the curb at the side of North Main Street, while Defendant **LEE FARLEY** secured Plaintiff **STEVEN J. WHITE** in the back of the same police cruiser;

~~33.~~29.   Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** resumed searching Plaintiff **STEVEN J. WHITE**'s vehicle, allegedly locating:

  a. contraband in the trunk of Plaintiff's vehicle, which was secured in a lockbox which was contained within a closed back-pack style bag;

  b. a white paper bag in the rear passenger compartment, on the passenger side of the vehicle, near the feet of non-Party Przemyslaw Kozikowska, containing approximately ten (10) grams of medicinal marijuana and six (6) medicinal marijuana edibles; and,

  c. a small, clear zip-lock style bag containing a small quantity of suspected contraband, which was allegedly located in the rear passenger compartment near the center seat cushion;

~~34.~~30.   After Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** located the above-mentioned alleged contraband within Plaintiff **STEVEN J. WHITE**'s vehicle, Defendant **LEE FARLEY**

- 11 -

instructed an unknown individual who is a sworn-officer with ~~Defendant **CITY OF WATERBURY's**~~ Waterbury Police Department, to identify the operator of the motor vehicle;

~~35.~~31.　　Upon identifying Plaintiff **STEVEN J. WHITE**, Defendant **LEE FARLEY** determined that Plaintiff **STEVEN J. WHITE**'s operator's license was suspended and that there was an active arrest warrant for Plaintiff **STEVEN J. WHITE** out of Connecticut State Police Troop B and G.A. # 18 at Torrington;

~~36.~~32.　　Plaintiffs **STEVEN J. WHITE** and **MICHAEL J. HABIB**, and Non-Parties Jeffrey Hethcote and Przemyslaw Kozikowska, were all transported to ~~Defendant **CITY OF WATERBURY's**~~ the Waterbury Police Department Headquarters and charged with various offenses;

~~37.~~33.　　On or about **October 31, 2019** at approximately **6:29 PM**, Defendant **LEE FARLEY** authored and generated a certain "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, which Defendant **LEE FARLEY** swore, deposed and acknowledged, under oath, to be "an accurate statement," by executing the same;

~~38.~~34.　　Defendant **LEE FARLEY**'s "CASE/INCIDENT REPORT" bearing CFS No. 1900112384 is also executed and endorsed by Defendant **MATTHEW BENOIT**;

- 12 -

~~39.~~35.     Defendant **LEE FARLEY**'s "CASE/INCIDENT REPORT" bearing

CFS No. 1900112384 contains the following false statements

and material misrepresentations of fact:

a.  "impeding the flow of traffic," at Page 3 of 7;

b.  "the driver of the vehicle- later identified as
    Steven White (DOB XX/XX/86) reaching towards the
    center console of the vehicle," at Page 4 of 7;

c.  "I observed the front seat passenger-later
    identified as Michael Habid (sic) (DOB XX/XX/86)
    with his hands reaching under his seat," at Page
    4 of 7;

d.  "Due to White being under arrest for his
    confirmed warrant, I determined that the vehicle
    was to be towed," at Page 4 of 7;

e.  "A pre tow inventory search of the vehicle," at
    Page 4 of 7;

f.  "in the area of where Habid (sic) was reaching
    upon contact," at Page 4 of 7;

g.  "is consistent with marijuana and the quantity of
    how it is distributed for street sale," at Page 4
    of 7;

- 13 -

h. "Said containers did not have any prescribed names on the container," at Page 4 of 7; and,

i. "Search incident to arrest revealed a Samsung Galaxy S9 phone with black case in White's pants pocket," at Page 5 of 7;

~~40.~~36.   Defendant **LEE FARLEY**'s statements in the "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, as pled in Paragraph 39 of this *Complaint*, above, are false and/or material misrepresentations of fact for the following reasons:

a. Plaintiff **STEVEN J. WHITE**'s vehicle was parked at the curb and not impeding the flow of traffic;

b. Plaintiff **STEVEN J. WHITE** maintained both of his hands on the steering wheel at all times, *see* Paragraph 17 of this *Complaint*, above;

c. Plaintiff **MICHAEL J. HABIB** maintained his hands in his lap, holding his cell phone in one hand and wallet in the other, at all times, *see id.*, and indeed the particular model of motor vehicle does not have sufficient clearance for the front seat passenger to reach underneath the seat;

d.  Defendant **LEE FARLEY** did not identify Plaintiff **STEVEN J. WHITE**, or search for and locate the warrant, until after searching the vehicle and locating the alleged contraband;

e.  Defendants **LEE FARLEY** and **BRYAN GUTIERREZ**'s search of the vehicle occurred before Defendant~~'~~s learned of Plaintiff **STEVEN J. WHITE**'s warrant and before discovering that Plaintiff **STEVEN J. WHITE**'s operator's license was suspended ~~did not have an operator's license~~;

f.  *See* Paragraph 40(c) of this *Complaint*, above;

g.  The medicinal marijuana was still packaged in the original containers from the licensed medicinal marijuana dispensary in which the medicinal marijuana was packaged when purchased by non-party Przemyslaw Kozikowska shortly before the traffic stop that is the subject of this action;

h.  The containers of medicinal marijuana were clearly labeled by the licensed medicinal marijuana dispensary with the name of the authorized patient, non-party Przemyslaw Kozikowska; and,

      i.  Plaintiff **STEVEN J. WHITE**'s cellular telephone was resting in the cup holder in the center console of the vehicle, not on Plaintiff's person or in Plaintiff's pocket;

~~41.~~37.    At the time that Defendant **LEE FARLEY** authored, generated, swore, deposed, and acknowledged "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, Defendants **LEE FARLEY** and **MATTHEW BENOIT** knew that the statements in Paragraph 37~~40~~ of this *Complaint*, above, were false statements and material misrepresentations of fact;

~~42.~~38.    In so acting as alleged in Paragraphs ~~37~~35-~~39~~41 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** acted intentionally, willfully, maliciously, and in bad-faith, with the specific intent to illegally create the appearance of probable cause, *ex post facto*, to justify and cover-up Defendant **LEE FARLEY**'s following illegal conduct:

  a.  unlawfully searching Plaintiff **MICHAEL J. HABIB**'s person without probable cause;

  b.  unlawfully seizing Plaintiff **MICHAEL J. HABIB**'s person without probable cause;

  c.  unlawfully searching Plaintiff **STEVEN J. WHITE**'s person without probable cause;

d.   unlawfully seizing Plaintiff **STEVEN J. WHITE**'s person without probable cause;

e.   unlawfully searching Plaintiff **STEVEN J. WHITE**'s property without probable cause;

f.   unlawfully seizing Plaintiff **STEVEN J. WHITE**'s property without probable cause;

g.   unlawfully arresting Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** without probable cause;

h.   unlawfully securing false criminal charges against Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** without probable cause;

43.39.   In so acting as alleged in Paragraphs 357-402 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** knowingly acted unlawfully;

44.40.   In so acting as alleged in Paragraphs 357-413 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** acted intentionally, willfully, maliciously, in bad-faith, and with reckless disregard for and deliberate indifference to Plaintiffs' rights;

45.41.   In so acting as alleged in Paragraphs 357-424 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** acted intentionally, willfully, maliciously, in bad-faith,

with reckless disregard and deliberate indifference for and with specific intent to deprive Plaintiffs of their constitutional rights under the ~~First,~~ Fourth~~, Fifth, Sixth, Eighth~~ and Fourteenth Amendments to the United States Constitution ~~and Article First, Sections 4, 7-9 of the Constitution of the State of Connecticut~~;

~~46. In so acting as alleged in Paragraphs 37-45 of this *Complaint*, above, Defendants **LEE FARLEY** and **MATTHEW BENOIT** worked and acted in concert to secure false criminal charges against Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE**, resulting in the unlawful confinement and prosecution of Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE**;~~

~~47. Defendants **LEE FARLEY** and **MATTHEW BENOIT** worked, acted, and/or conspired in concert to institute, procure and continue criminal proceedings against Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** without probable cause;~~

~~48. Defendants **LEE FARLEY** and **MATTHEW BENOIT**'s unlawful procurement of criminal prosecutions against Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** for the known-to-be-false allegations was malicious, shocking, and objectively unreasonable in the light of the circumstances;~~

49.42.   At all times mentioned herein and relevant hereto, Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT** were acting under color of state law ~~and under color of authority as sworn-officers, employees, agents, and/or servants of Defendant~~ **CITY OF WATERBURY**~~'s Police Department, and/or otherwise as agents of Defendant~~ **CITY OF WATERBURY** ~~and as agents of the State of Connecticut~~;

50.43.   Defendant **LEE FARLEY** violated Plaintiffs' rights guaranteed to Plaintiffs under the Constitution of the United States ~~and the Constitution and laws of the State of Connecticut~~ by:

    a.   ~~falsifying numerous statements in Defendant's Case/Incident Report dated October 31, 2019, which is signed by the Defendant and acknowledged under oath, in violation of both State and Federal law~~;

    b.   physically assaulting Plaintiff **STEVEN J. WHITE**;

    ~~c.   unlawfully searching, without probable cause, Plaintiff~~ **STEVEN J. WHITE**~~'s person~~;

    ~~d.   unlawfully searching, without probable cause, Plaintiff~~ **STEVEN J. WHITE**~~'s motor vehicle~~;

~~e.~~c. unlawfully seizing, without probable cause, Plaintiff **STEVEN J. WHITE**'s person; and,

~~f. unlawfully seizing, without probable cause, Plaintiff STEVEN J. WHITE's cellular telephone;~~

~~g. unlawfully seizing, without probable cause, Plaintiff STEVEN J. WHITE's U.S. currency totaling two-thousand four-hundred seventy and 00/100 dollars ($2,470.00), which Defendant is attempting to deprive Plaintiff of permanently through Connecticut's Asset Forfeiture law;~~

~~h.~~d. ~~unlawfully seizing, without probable cause, Plaintiff STEVEN J. WHITE's motor vehicle, a 2013 red, two-door Acura CL-Type S, towed from the scene by Defendant's order and which continues to accrue daily storage charges because Defendant has ordered a tow "hold," prohibiting the release of Plaintiff's motor vehicle, which Defendant is attempting to deprive Plaintiff of permanently through Connecticut's Asset Forfeiture law;~~

~~i.~~e. Battering Plaintiff **STEVEN J. WHITE** by intentionally and offensively contacting Plaintiff's body when he placed Plaintiff under arrest without probable cause; ~~and,~~

j. Falsely placing Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** under arrest without probable cause;

51. Defendant **MATTHEW BENOIT** endorsed, participated, and conspired in the affirmative acts and conduct of Defendant **LEE FARLEY** alleged above in Paragraph 50(a) of this *Complaint*, resulting in the violation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution and the Constitution of the State of Connecticut;

52.44. Defendant **MATTHEW BENOIT** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution and the Constitution of the State of Connecticut caused by the affirmative acts and conduct of Defendant **LEE FARLEY** alleged above in Paragraph 50(a)45 of this *Complaint*;

53.45. Defendant **BRYAN GUTIERREZ** participated in the affirmative acts and conduct of Defendant **LEE FARLEY** alleged above in Paragraphs 50(b)-(j)45 of this *Complaint*, resulting in the violation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution and the Constitution of the State of Connecticut;

~~54.~~46.    Defendant **BRYAN GUTIERREZ** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution ~~and the Constitution of the State of Connecticut~~ caused by the affirmative acts and conduct of Defendant **LEE FARLEY** alleged above in Paragraph ~~50(b) - (j)~~45 of this *Complaint*;

~~55.~~47.    The conduct and actions of Defendant **LEE FARLEY**, and the participation of Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** in the actions of Defendant **LEE FARLEY**, as alleged above in Paragraphs ~~50-54~~45-48, violated the following clearly-established and well-settled federal ~~and state~~ constitutional rights of Plaintiffs:

    a. Freedom from the use of unreasonable and/or excessive force under the Fourth and Fourteenth Amendments to the United States Constitution ~~and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut~~;

    ~~b. Freedom from the use of malicious force under the Eighth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut;~~

c. Freedom from the use of excessive force under the
   Fourteenth Amendment to the United States
   Constitution and Article First, Sections 7 & 9 of
   the Constitution of the State of Connecticut;

d. Freedom from unreasonable searches of Plaintiffs'
   persons under the Fourth and Fourteenth
   Amendments to the United States Constitution and
   Article First, Sections 7 & 9 of the Constitution
   of the State of Connecticut;

e. Freedom from unreasonable searches of Plaintiffs'
   property under the Fourth and Fourteenth
   Amendments to the United States Constitution and
   Article First, Section 7 of the Constitution of
   the State of Connecticut;

f. Freedom from unreasonable seizures of Plaintiffs'
   persons under the Fourth and Fourteenth
   Amendments to the United States Constitution and
   Article First, Sections 7 & 9 of the Constitution
   of the State of Connecticut;

g. Freedom from unreasonable seizures of Plaintiffs'
   property under the Fourth and Fourteenth
   Amendments to the United States Constitution and

~~Article First, Section 7 of the Constitution of the State of Connecticut;~~

~~h. Freedom from false arrest without probable cause under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7-9 of the Constitution of the State of Connecticut; and/or~~

~~i. Plaintiffs' rights to be informed of the nature and cause of the accusations against Plaintiffs under the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7-9 of the Constitution of the State of Connecticut;; and,~~

~~j. Freedom from malicious prosecution without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7-9 of the Constitution of the State of Connecticut;;~~

~~96.~~48.     The conduct and actions of Defendant **LEE FARLEY,** ~~and~~ the participation of Defendant~~s~~ **BRYAN GUTIERREZ** ~~and~~ **MATTHEW BENOIT** ~~in~~ the actions of Defendant **LEE FARLEY,** and the failure of Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** to intervene and/or otherwise prevent the deprivation of

Plaintiffs' rights caused by the affirmative acts and conduct of Defendant **LEE FARLEY,** ——as alleged above, proximately caused the following injuries to Plaintiffs:

a. Loss of physical liberty;

b. Intentional, offensive contact with the body;

c. Fear of imminent peril resulting from an offer or attempt to injure;

d. Financial loss;

e. Emotional pain and suffering;

f. Mental anguish;

g. Shock;

h. Fright;

i. To be held up to the public ridicule and humiliation;

j. Great annoyance, embarrassment, and shame;

k. Loss of and injury to Plaintiffs' good name, character, and reputation; and/or,

l. Deprivation of Plaintiffs' constitutional rights;

47.49.    Defendant **BRYAN GUTIERREZ** violated Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution by:

a.  physically assaulting Plaintiff **MICHAEL J. HABIB**;

b.  unlawfully searching, without probable cause, Plaintiff **MICHAEL J. HABIB**'s person;

c. b. unlawfully seizing, without probable cause, Plaintiff **MICHAEL J. HABIB**'s person;

d.  unlawfully searching, without probable cause, Plaintiff **STEVEN J. WHITE**'s property;

e. c. unlawfully seizing, without probable cause, Plaintiff **STEVEN J. WHITE**'s property;

f. d. Battering Plaintiff **MICHAEL J. HABIB** by intentionally and offensively contacting Plaintiff's body when he placed Plaintiff under arrest without probable cause;

g.  Falsely placing Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** under arrest without probable cause;

58. 50.   Defendant **LEE FARLEY** participated in the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ** alleged above in Paragraphs 57(a)-(g) 51, resulting in the violation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution;

49.51.     Defendants **LEE FARLEY** and **MATTHEW BENOIT** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ** alleged above in Paragraph 57(a) - (g)51 of this *Complaint*;

50.52.     The conduct and actions of Defendant **BRYAN GUTIERREZ,** and the participation of Defendant **LEE FARLEY** in the actions of Defendant **BRYAN GUTIERREZ,** as alleged above in Paragraphs 517-539,   violated the following clearly-established and well-settled federal and state constitutional rights of Plaintiffs:

  a. Freedom from the use of unreasonable and/or excessive force under the Fourth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut;

  b. Freedom from the use of malicious force under the Eighth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut;

- 27 -

c. Freedom from the use of excessive force under the Fourteenth Amendment to the United States Constitution and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut;

d. Freedom from unreasonable searches of Plaintiffs' persons under the Fourth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut;

e. Freedom from unreasonable searches of Plaintiffs' property under the Fourth and Fourteenth Amendments to the United States Constitution and Article First, Section 7 of the Constitution of the State of Connecticut;

f. Freedom from unreasonable seizures of Plaintiffs' persons under the Fourth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7 & 9 of the Constitution of the State of Connecticut;

g. Freedom from unreasonable seizures of Plaintiffs' property under the Fourth and Fourteenth Amendments to the United States Constitution and

~~Article First, Section 7 of the Constitution of the State of Connecticut;~~

h. ~~Freedom from false arrest without probable cause under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7-9 of the Constitution of the State of Connecticut; and/or,~~

i. ~~Plaintiffs' rights to be informed of the nature and cause of the accusations against Plaintiffs under the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Sections 7-9 of the Constitution of the State of Connecticut;~~

~~51.~~53.   The conduct and actions of Defendant **BRYAN GUTIERREZ**, ~~and~~ the participation of Defendant **LEE FARLEY** in the actions of Defendant **BRYAN GUTIERREZ**, and the failure of Defendants **LEE FARLEY** and **MATTHEW BENOIT** to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights caused by the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ,** as alleged above, proximately caused the following injuries to Plaintiffs:

a. Loss of physical liberty;

b. Intentional, offensive contact with the body;

     c.  Fear of imminent peril resulting from an offer or attempt to injure;

     d.  Financial loss;

     e.  Emotional pain and suffering;

     f.  Mental anguish;

     g.  Shock;

     h.  Fright;

     i.  To be held up to the public ridicule and humiliation;

     j.  Great annoyance, embarrassment, and shame;

     k.  Loss of and injury to Plaintiffs' good name, character, and reputation; and/or,

     l.  Deprivation of Plaintiffs' constitutional rights;

~~52.~~54.    In so acting as alleged above, Defendants acted unlawfully;

~~53.~~55.    At all times mentioned herein and relevant hereto, Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiffs' rights and physical and mental well-being;

54.56.    Defendants' unlawful actions were done willfully, knowingly, and with specific intent to deprive Plaintiffs of their constitutional rights under the Fourth, ~~Fifth, Sixth, Eighth,~~ and Fourteenth Amendments to the United States Constitution ~~and Article First, Sections 4, 7-9 of the Constitution of the State of Connecticut~~;

55.57.    Defendants **LEE FARLEY**, **BRYAN GUTIERREZ** and **MATTHEW BENOIT** are not entitled to qualified immunity because their conduct violated clearly established rights of which a reasonable person would have known, and it was not objectively reasonable for Defendants to believe that their acts did not violate clearly established rights;

~~66.  Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful conduct, acts, and/or practices which directly and proximately caused violations of Plaintiffs state and federal constitutional rights;~~

**CAUSES OF ACTION**

**FIRST COUNT – (**42 U.S.C. § 1983**) Excessive & Unreasonable Force in violation of the 4th & 14th Amendments to the United States Constitution** against Defendants LEE FARLEY, **&** BRYAN GUTIERREZ ~~and MATTHEW BENOIT~~ in their Individual ~~and Official~~ Capacities

~~57.~~58.    Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-57~~66~~, to the same effect as if fully recited and restated herein;

~~58.~~59.    Plaintiffs claim damages against Defendants under 42 U.S.C. § 1983, for the injuries set-forth above, caused by Defendants' violations, under color of law, of Plaintiffs' constitutional right~~s~~ to be free from Excessive and Unreasonable Force under the 4th & 14th Amendments to the United States Constitution;

**SECOND COUNT – (42 U.S.C. § 1983) Failure to Intervene against Defendants LEE FARLEY, BRYAN GUTIERREZ, & MATTHEW BENOIT in their Individual Capacities~~Assault Against Defendant LEE FARLEY in his Individual Capacity Only~~**

~~59.~~60.    Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-59~~68~~, to the same effect as if fully recited and restated herein;

61. Defendant **LEE FARLEY** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **BRYAN GUTIERREZ** alleged in this *Complaint* ~~assaulted Plaintiff STEVEN J. WHITE by unlawfully offering or attempting to~~

~~injury   Plaintiff   with   apparent   present   ability   to~~
~~effectuate   the   injury   under   circumstances   creating   fear   of~~
~~imminent   peril   when   he   shouted   profanity   and   explicit~~
~~language   in   Plaintiff's   face   from   a   distance   of~~
~~approximately   four   (4)   inches,   and   directly   threatened   to~~
~~cause   physical,   bodily   harm   to   Plaintiff,   while   Plaintiff~~
~~was   seized   and   secured   in   handcuffs,   in   Defendant's~~
~~custody~~;

62. Defendant **BRYAN GUTIERREZ** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendant **LEE FARLEY** alleged in this *Complaint*;

63. Defendant **MATTHEW BENOIT** failed to intervene and/or otherwise prevent the deprivation of Plaintiffs' rights guaranteed to Plaintiffs under the United States Constitution caused by the affirmative acts and conduct of Defendants **LEE FARLEY** and **BRYAN GUTIERREZ** alleged in this *Complaint*;

~~60.~~64.   Plaintiffs claim damages against Defendants under 42 U.S.C. § 1983, for the injuries set-forth above, caused by Defendants' violations, under color of law, of Plaintiffs' constitutional right to be free from Excessive and

Unreasonable Force under the 4th & 14th Amendments to the United States Constitution.

**THIRD COUNT – Battery Against Defendants LEE FARLEY and BRYAN GUTIERREZ in Their Individual Capacities Only**

71. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-70, to the same effect as if fully recited and restated herein;

72. Defendant **LEE FARLEY** battered Plaintiff **STEVEN J. WHITE** by intentionally contacting Plaintiff's body by physically restraining Plaintiff's person without probable cause;

73. Defendant **BRYAN GUTIERREZ** battered Plaintiff **MICHAEL J. HABIB** by intentionally contacting Plaintiff's body by physically restraining Plaintiff's person without probable cause;

**FOURTH COUNT – False Imprisonment Against Defendants LEE FARLEY, BRYAN GUTIERREZ and MATTHEW BENOIT in Their Individual Capacities Only**

74. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-73, to the same effect as if fully recited and restated herein;

75. Defendant **LEE FARLEY** falsely imprisoned Plaintiff **STEVEN J. WHITE** by unlawfully detaining Plaintiff against his will

~~where Defendant **LEE FARLEY** had no lawful reason to detain Plaintiff and/or search Plaintiff's vehicle in a manner far exceeding the scope of a protective search of the vehicle for weapons, and thus Defendant **LEE FARLEY** did not have a lawfully reasonable belief that Plaintiff had committed a criminal offense;~~

~~76. Defendant **LEE FARLEY** further falsely imprisoned Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** by unlawfully authoring and generating a certain "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, which Defendant **LEE FARLEY** swore, deposed and acknowledged, under oath, to be "an accurate statement," by executing the same, in which Defendant **LEE FARLEY** knowingly and intentionally made false statements and material misrepresentations of fact with the specific intent to illegally create the appearance of probable cause, *ex post facto*, to justify and cover-up Defendant **LEE FARLEY**'s illegal conduct;~~

~~77. Defendant **MATTHEW BENOIT** conspired with Defendant **LEE FARLEY** in Defendant **LEE FARLEY**'s illegal conduct alleged in Paragraph 76 of this *Complaint*, above;~~

~~78. Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** participated in and failed to take reasonable steps to prevent Defendant~~

**LEE FARLEY**'s unlawful detention and false imprisonment of Plaintiffs **STEVEN J. WHITE** and **MICHAEL J. HABIB**;

79. Defendant **BRYAN GUTIERREZ** falsely imprisoned Plaintiff **MICHAEL J. HABIB** by unlawfully detaining Plaintiff against his will where Defendant **BRYAN GUTIERREZ** had no lawful reason to detain Plaintiff, and thus Defendant **BRYAN GUTIERREZ** did not have a lawfully reasonable belief that Plaintiff had committed a criminal offense;

80. Defendant **LEE FARLEY** participated in and failed to take reasonable steps to prevent Defendant **BRYAN GUTIERREZ**'s unlawful detention and false imprisonment of Plaintiff **MICHAEL J. HABIB**;

**FIFTH COUNT - False Arrest Against Defendants LEE FARLEY, BRYAN GUTIERREZ and MATTHEW BENOIT in Their Individual Capacities Only**

81. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-80, to the same effect as if fully recited and restated herein;

82. Defendant **LEE FARLEY** falsely arrested Plaintiff **STEVEN J. WHITE** by unlawfully detaining Plaintiff against his will and placing Plaintiff under arrest, where Defendant **LEE FARLEY** lacked probable cause to do so;

83. Defendant **LEE FARLEY** further falsely arrested Plaintiffs
**MICHAEL J. HABIB** and **STEVEN J. WHITE** by unlawfully
authoring and generating a certain "CASE/INCIDENT REPORT"
bearing CFS No. 1900112384, which Defendant **LEE FARLEY**
swore, deposed and acknowledged, under oath, to be "an
accurate statement," by executing the same, in which
Defendant **LEE FARLEY** knowingly and intentionally made false
statements and material misrepresentations of fact with the
specific intent to illegally create the appearance of
probable cause, *ex post facto*, to justify and cover-up
Defendant **LEE FARLEY**'s illegal arrest of Plaintiffs **MICHAEL
J. HABIB** and **STEVEN J. WHITE** without probable cause;

84. Defendant **MATTHEW BENOIT** conspired with Defendant **LEE
FARLEY** in Defendant **LEE FARLEY**'s illegal conduct alleged in
Paragraph 83 of this *Complaint*, above;

85. Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** participated
in and failed to take reasonable steps to prevent Defendant
**LEE FARLEY**'s unlawful and false arrest of Plaintiffs **STEVEN
J. WHITE** and **MICHAEL J. HABIB** without probable cause;

86. Defendant **BRYAN GUTIERREZ** falsely arrested Plaintiff
**MICHAEL J. HABIB** by unlawfully detaining Plaintiff against
his will and placing Plaintiff under arrest, where
Defendant **BRYAN GUTIERREZ** lacked probable cause to do so;

87. Defendants **LEE FARLEY** and **MATTHEW BENOIT** participated in and failed to take reasonable steps to prevent Defendant **BRYAN GUTIERREZ**'s unlawful and false arrest of Plaintiff **MICHAEL J. HABIB** without probable cause;

**SIXTH COUNT - Malicious Prosecution Against Defendants LEE FARLEY, BRYAN GUTIERREZ and MATTHEW BENOIT in Their Individual Capacities Only**

88. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-87, to the same effect as if fully recited and restated herein;

89. Defendant **LEE FARLEY** caused the false and malicious prosecution of Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** by unlawfully authoring and generating a certain "CASE/INCIDENT REPORT" bearing CFS No. 1900112384, which Defendant **LEE FARLEY** swore, deposed and acknowledged, under oath, to be "an accurate statement," by executing the same, in which Defendant **LEE FARLEY** knowingly and intentionally made false statements and material misrepresentations of fact with the specific intent to illegally create the appearance of probable cause, *ex post facto*, to justify and cover-up Defendant **LEE FARLEY**'s illegal arrest of Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** without probable cause;

90. Defendant **MATTHEW BENOIT** conspired with Defendant **LEE FARLEY** in Defendant **LEE FARLEY**'s illegal conduct alleged in Paragraph 89 of this *Complaint*, above;

91. Defendants **BRYAN GUTIERREZ** and **MATTHEW BENOIT** participated in and failed to take reasonable steps to prevent Defendant **LEE FARLEY**'s unlawful, false and malicious prosecution of Plaintiffs **STEVEN J. WHITE** and **MICHAEL J. HABIB** without probable cause;

**SEVENTH COUNT – First Amendment Retaliation against Defendants LEE FARLEY, BRYAN GUTIERREZ and MATTHEW BENOIT in Their Individual Capacities Only**

92. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-91, to the same effect as if fully recited and restated herein;

93. In so acting as alleged above, Defendants **LEE FARLEY, BRYAN GUTIERREZ** and **MATTHEW BENOIT** retaliated against Plaintiff **MICHAEL J. HABIB** for Plaintiff's speech alleged in Paragraphs 21-22 of this *Complaint*, above, which speech is protected under the First Amendment to the Constitution of the United States;

94. In so acting as alleged above, Defendants **LEE FARLEY, BRYAN GUTIERREZ** and **MATTHEW BENOIT** retaliated against Plaintiff

**STEVEN J. WHITE** for Plaintiff's speech alleged in Paragraphs 28-30 of this *Complaint*, above, which speech is protected under the First Amendment to the Constitution of the United States;

95. Defendants **LEE FARLEY, BRYAN GUTIERREZ** and **MATTHEW BENOIT** retaliation was unlawful and would chill an ordinary person in the exercise of First Amendment rights, namely verbally asserting their rights to peace officers;

96. As a result of Defendants **LEE FARLEY, BRYAN GUTIERREZ** and **MATTHEW BENOIT** unlawful and retaliatory conduct, Plaintiffs **STEVEN J. WHITE** and **MICHAEL J. HABIB** suffered damages;

**EIGHTH COUNT - Conspiracy against Defendant LEE FARLEY, BRYAN GUTIERREZ and MATTHEW BENOIT in Their Individual Capacities Only**

97. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-96, to the same effect as if fully recited and restated herein;

98. In so acting as alleged above, Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT** reached an agreement and conspired amongst themselves to fabricate evidence by making false statements and material misrepresentations of fact in a written police report, signed and acknowledged under oath, with the specific intent to illegally create

the appearance of probable cause, *ex post facto*, to justify and cover-up Defendant **LEE FARLEY**'s illegal arrest of Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** without probable cause;

99. In so acting as alleged above, Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT** reached an agreement and conspired amongst themselves to arrest, charge, and prosecute Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** for crimes without probable cause, and to thereby deprive Plaintiffs **MICHAEL J. HABIB** and **STEVEN J. WHITE** of their constitutional rights;

100. In so acting as alleged above, Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT**, acting in concert amongst themselves, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means;

101. In furtherance of the conspiracy, each of the coconspirators, Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT**, committed overt acts and was an otherwise willful participant in the joint illegal activity;

102. As a direct and proximate result of Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT**'s illicit prior agreement referenced above, Plaintiffs **MICHAEL J. HABIB** and

**STEVEN J. WHITE**'s rights were violated, and Plaintiffs suffered damages, as is more fully alleged above;

103. Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT**'s misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others;

**NINTH COUNT – 42 U.S.C. § 1983 against Defendant CITY OF WATERBURY**

104. Plaintiffs hereby re-allege and incorporate by reference ¶¶ 1-103, to the same effect as if fully recited and restated herein;

105. Prior to October 31, 2019, Defendant **CITY OF WATERBURY**'s Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons within the geographical limits of Defendant **CITY OF WATERBURY**, which caused the above violations of Plaintiffs' rights;

106. It was and/or is the policy and/or custom of the Defendant **CITY OF WATERBURY**'s Police Department to fail to exercise reasonable care in hiring its police officers, including Defendants **LEE FARLEY, BRYAN GUTIERREZ**, and **MATTHEW BENOIT**,

thereby failing to adequately prevent constitutional violations on the part of its police officers;

107. It was and/or is the policy and/or custom of the Defendant **CITY OF WATERBURY**'s Police Department to inadequately supervise and train its police officers, including Defendants **LEE FARLEY, BRYAN GUTIERREZ**, and **MATTHEW BENOIT**, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

108. As a result of the above-described policies and customs, police officers of Defendant **CITY OF WATERBURY**, including Defendants **LEE FARLEY, BRYAN GUTIERREZ**, and **MATTHEW BENOIT**, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but rather would be tolerated;

109. The above-described policies and customs demonstrate a deliberate indifference on the part of Defendant **CITY OF WATERBURY** to the constitutional rights of persons within the geographical limits of Defendant **CITY OF WATERBURY**, and were the cause of the violations of Plaintiffs' rights alleged herein;

**TENTH COUNT – *Respondeat Superior* against Defendant CITY OF WATERBURY**

– 43 –

110. Plaintiffs hereby re-allege and incorporate by reference ¶¶
     1-109, to the same effect as if fully recited and restated
     herein;

111. At all times mentioned herein and relevant hereto,
     Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT**
     were employees, agents, and/or servants of Defendant **CITY**
     **OF WATERBURY;**

112. At all times mentioned herein and relevant hereto, in so
     acting as alleged in this *Complaint*, Defendants **LEE FARLEY,**
     **BRYAN GUTIERREZ,** and **MATTHEW BENOIT** were so acting within
     the course and scope of their employment with Defendant
     **CITY OF WATERBURY;**

113. Defendant **CITY OF WATERBURY** is liable to Plaintiffs **MICHAEL**
     **J. HABIB** and **STEVEN J. WHITE** for the torts committed
     against Plaintiffs by Defendants **LEE FARLEY, BRYAN**
     **GUTIERREZ,** and **MATTHEW BENOIT,** under the theory of
     *Respondeat Superior.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Respectfully Pray, Claim, and Request that this Honorable Court:

A. Enter judgment in favor of Plaintiffs and against Defendants;

B. Enter an order declaring Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT**'s conduct unconstitutional;

C.B. Award Plaintiffs compensatory damages against Defendants and punitive damages against Defendants **LEE FARLEY, BRYAN GUTIERREZ,** and **MATTHEW BENOIT** in their individual capacities only;

D.C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and,

E. Enter a permanent injunction, upon proper motion, requiring Defendant **CITY OF WATERBURY** to adopt appropriate policies related to the hiring and supervision of its police officers; and

F.D. Grant to Plaintiffs such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## **JURY TRIAL DEMAND**

Plaintiffs demand a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

**RESPECTFULLY SUBMITTED,**
**FOR THE PLAINTIFFS,**

_____
**MICHAEL J. HABIB, ESQ. (CT29412)**
Willcutts & Habib, LLC
100 Pearl Street, 14th Flr.
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
E-Mail: Mike@InzitariLawOffice.com